PER CURIAM.
¶1 Robert Marsh appeals related judgments convicting him of a fourth offense of operating a motor vehicle under the influence of an intoxicant (OWI) and fleeing or eluding a police officer.[1] Marsh challenges information contained in the affidavit used to obtain a search warrant authorizing the taking of a sample of his blood and contends the circuit court erred in denying his suppression motion without a hearing. We conclude that Marsh was not entitled to a hearing because the affidavit provided probable cause for the warrant when the challenged information is ignored. We therefore affirm.
BACKGROUND
¶2 In the affidavit at issue on this appeal, a New London police officer sought a warrant to draw Marsh's blood because Marsh was "suspected of committing an operating a motor vehicle while intoxicated related crime in violation of Chapter 346 of the Wisconsin Statutes." The affidavit stated Marsh had been arrested for operating a motor vehicle "with a Prohibited Alcohol Concentration [PAC] greater than .02."
¶3 As grounds for the warrant, the affidavit stated that police had observed Marsh driving on two roads in the city of New London. The police initiated a traffic stop to investigate whether Marsh was operating with a suspended license in violation of WIS. STAT. § 343.44(1)(a) (2017-18).[2] The affidavit further related that, by the time the police effectuated the stop, they were further investigating Marsh for fleeing or eluding an officer in violation of WIS. STAT. § 346.04(3), and OWI with "Involvement in Crash" in violation of WIS. STAT. § 346.63(1)(a).[3] During the stop, the police observed that: Marsh emitted a "moderate" odor of intoxicants; his eyes were glassy and bloodshot; he admitted to having consumed one alcoholic beverage; and he was uncooperative. Finally, the affidavit alleged that a routine check of Marsh's driving record showed that he had three prior OWI convictions.
¶4 Marsh moved to suppress the results of the blood draw on the grounds that the warrant contained three materially false statements that were made with reckless disregard for the truth. Specifically, Marsh alleged that: (1) his applicable PAC level was .08, not .02; (2) a police report described the odor of intoxicants coming from Marsh as "slight," not "moderate;" and (3) Marsh had only two, not three, prior OWI convictions. Marsh cited the officer's own acknowledgment in his police report that the officer realized after submitting the affidavit, while reviewing Marsh's driving record again, that the officer had misread a pending OWI charge as if it were a third conviction.
¶5 The circuit court denied the suppression motion without an evidentiary hearing, reasoning that the officer's mistake did not rise to the level of reckless disregard for the truth-particularly in light of the time pressure the officer would have been under to clear the accident scene and to obtain the blood draw within three hours of the incident. Marsh appeals.
STANDARD OF REVIEW
¶6 We will independently review the denial of a motion for a hearing on a motion to suppress evidence. State v. Jones , 2002 WI App 196, ¶25, 257 Wis. 2d 319, 651 N.W.2d 305.
DISCUSSION
¶7 Under Franks v. Delaware , 438 U.S. 154 (1978), a court is required to suppress evidence obtained pursuant to a search warrant when the defendant can establish by a preponderance of the evidence that: (1) the affidavit in support of the search warrant contained false statements; (2) the statements were made intentionally or with reckless disregard for the truth; and (3) the false statements were necessary to a finding of probable cause. Id. at 155-56. In order to obtain an evidentiary hearing on a Franks issue, a defendant must make a substantial preliminary showing on each part of the test. Id. We resolve this appeal based on the third Franks requirement, which is not met here. Proving necessity requires a showing that if the challenged statements were excised from the affidavit, the affidavit would no longer provide probable cause. Id. at 164. Here, we conclude that Marsh was not entitled to a Franks hearing because he failed to make a sufficient preliminary showing that the challenged statements-namely, that he had three prior OWI convictions; that he was subject to an .02 limitation on his blood alcohol level, and that he emitted a moderate odor of alcohol-were necessary to a probable cause determination.
¶8 The standard for determining whether probable cause for a search warrant exists is based upon the totality of the circumstances. State v. Romero , 2009 WI 32, ¶17, 317 Wis. 2d 12, 765 N.W.2d 756. A judge must make " 'a practical, common-sense decision whether, given all the circumstances set forth in the affidavit ... including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.' " Id. , ¶19 (quoted sources omitted).
¶9 After excising the challenged statements from the affidavit, we are satisfied that the totality of the remaining circumstances described in the affidavit provide probable cause to believe that a blood draw would reveal evidence of a crime. In particular, Marsh ignores the fact that the affidavit alleged that the police suspected him of OWI, as well as PAC. It was not necessary for Marsh to have had a blood alcohol level in excess of .08 for him to have been impaired. Marsh's involvement in a crash, when combined with a detectable odor of intoxicants (even if it was "slight" rather than "moderate"); his glassy and bloodshot eyes; his admission to having consumed one alcoholic beverage; and his uncooperativeness, were all indicative of impairment. Furthermore, the fact that Marsh had two prior OWI convictions increased the likelihood that any impairment was attributable to intoxication, and Marsh's attempt to flee could be viewed as consciousness of guilt. For these reasons, we conclude that the circuit court properly denied Marsh's suppression motion without holding a Franks hearing.
By the Court. -Judgments affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

Although the notice of appeal refers to a judgment of conviction in the singular, the circuit court entered separate judgments for the OWI count (on which the court sentenced Marsh to jail) and the eluding count (on which the court imposed probation). We construe the notice of appeal as encompassing both judgments.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

The affidavit does not specify the timing of events, but it is reasonable to infer from the affidavit that the alleged eluding and crash both took place after the police signaled Marsh to pull over for an investigation of the reported license suspension.